UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMANUEL EALOM, | ) | Case No. 1:26-cv-78 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| TEONA PARKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Proceeding without a lawyer, Plaintiff Emanuel Ealom filed this civil rights action against Teona Parker, a Cuyahoga County Probation Officer, and Cuyahoga County, Ohio. Plaintiff challenges a warrant issued for his arrest for probation violations, claiming his probation officer denied him due process. Further, he contends that Cuyahoga County is liable for failing to train or supervise Ms. Parker. He seeks monetary relief and an order voiding the arrest warrant and expunging his criminal conviction.

## STATEMENT OF FACTS

Mr. Ealom's complaint is very brief. He indicates that he challenges an alleged probation violation imposed in *State v. Ealom*, No. CR-24-691775 -A (Cuyahoga Cnty. Ct. Com. Pl.). He states that Ms. Parker, his probation officer, coerced him into violating the conditions of his probation through threats and deprivation of due process. (ECF. No. 1, PageID #2.) He alleges that she admitted liability in a deposition and refers the Court to Exhibit A, which he did not provide. He states that

his criminal case was closed on January 7, 2024.  This statement is not supported by the State court docket, which shows that his criminal case was not filed until May 7, 2024.  He alleges that a "baseless warrant" was issued against him after the case was closed.  He provides no explanation for any of these statements.

The docket in his criminal case provides some indication of what took place. Mr. Ealom was indicted on May 7, 2024 and charged with aggravated assault, felonious assault, domestic violence, aggravated menacing, disrupting public services, and aggravated theft.  *See State v. Ealom*, No. CR-24-691775-A (Cuyahoga Cnty. Ct. Com. Pl.).  He entered into a plea agreement on February 25, 2025 in which he pled guilty to aggravated assault, domestic violence, and theft in exchange for dismissal of the other charges.  On March 4, 2025, the State trial court sentenced Mr. Ealom to 2 years of probation.

The State trial court transferred his probation first to the high risk supervision unit and then ten days later to the domestic violence unit.  *Id.*  Mr. Ealom contends that his probation officer threatened him with imprisonment if he did not agree to sign a second probation supervision agreement.  (ECF No. 3-7, PageID #20.)  He claims the terms of this agreement were stricter than the terms in the original contract.  (*Id.*)  On April 23, 2025, he was charged with violating the terms of his probation.  Mr. Ealom claims he had no written notice of the violation before the hearing.  (*Id.*)  Also, he claims that his alleged conduct does not constitute a violation under the terms of his original supervision agreement.  (*Id.*)  He demanded a probable cause hearing, which the court set for the following day.  *State v. Ealom*, No. CR-24-

2

691775-A (Cuyahoga Cnty. Ct. Com. Pl.).  He failed to appear at that hearing, and the State trial court issued a warrant for his arrest.  (*Id.*)  It appears from the docket that the warrant remains active.  (*Id.*)

## STATEMENT OF THE CASE

Plaintiff asserts two legal claims.  First, he claims that Ms. Parker denied him due process.  He alleges that she coerced him to sign a second agreement and then fabricated probation violations.  Second, he claims that Cuyahoga County should be held liable for Ms. Parker's actions, claiming that the County failed adequately to train or supervise her.  He seeks monetary relief and an order voiding the arrest warrant and expunging his criminal conviction.  Also, Plaintiff seeks to proceed *in forma pauperis*.  (ECF No. 5.)  The Court **GRANTS** that application.

## ANALYSIS

*Pro se* pleadings are liberally construed.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id.*  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The Court cannot grant Plaintiff's requested relief.  Federal courts do not have legal authority to intervene in a pending State court action, compel a State court judge to rule differently, or dismiss criminal charges brought in State court. *See, e.g., Lathan v. Goulding*, No. 3:16-CV-01519, 2018 WL 3222594, at *2 (N.D. Ohio July 2, 2018). Federal district courts are not appellate courts over the State court system and have no general power to control State court actions.  Rather, federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of

4

the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.". *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003).

Further, the structure of our government urges federal courts to abstain from exercising jurisdiction over a claim when ruling on the claim would interfere with ongoing State proceedings. *See Younger v. Harris*, 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.')." When a person is the target of an ongoing state action involving important state matters, he cannot interfere with the pending State action by maintaining a parallel federal action involving claims that could have been raised in the State case. *Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir. 1988). If the State files such a case, *Younger* abstention requires the federal court to defer to the State proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate where: (1) State proceedings are ongoing; (2) the State proceedings implicate important State interests; and (3) the State proceedings afford an adequate opportunity to raise federal questions. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the State court proceeding is

5

criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors are present here.  Plaintiff is the defendant in an on-going criminal case in State court.  The criminal case is "closed" because Plaintiff was convicted of the crimes to which he pled guilty.  The probation violation, however, is still pending on the docket and a warrant is still active.  Further, State court criminal matters are a paramount interest of the State.  *See Younger*, 401 U.S. at 44–45. Plaintiff's claim that he was denied due process in the probation violation process goes to the heart of the pending proceedings.

The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the State court proceeding.  The pertinent inquiry is whether the State proceedings afford an adequate opportunity to raise the federal claims, not whether Plaintiff was successful in obtaining the relief he requested. *Moore v. Sims*, 442 U.S. 415, 430 (1979).  The burden at this point rests on the Plaintiff to demonstrate that State procedural law bars presentation of his claims. *Pennzoil*, 481 U.S. at 14.  Plaintiff filed motions in his criminal case raising these claims.  Most recently, he filed an affidavit on January 9, 2026 and a petition for a writ of mandamus on January 15, 2026.  The petition remains pending.  *State v. Ealom*, No. CR-24-691775-A (Cuyahoga Cnty. Ct Com. Pl.).  Moreover, if the petition is denied, Plaintiff still has the opportunity to raise those arguments on appeal.

For these reasons, the Court finds that the *Younger* doctrine applies and requires federal abstention in this case.  The Court will not interfere in a criminal

6

case pending in State court by deciding issues that are central to that case.  Therefore, the Court **DENIES** Plaintiff's request for injunctive relief and his motion for a temporary restraining order (ECF No. 6).  To the extent Plaintiff seeks monetary damages, the Court must stay this case until his State-court case (including any appeals) have concluded

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) and **STAYS** all proceedings in this case pending the conclusion of the probation violation proceedings in *State v. Ealom*, No. CR-24-691775-A (Cuyahoga Cnty. Ct. Com. Pl.), including all appeals.  Until that time, the Court administratively closes this case, subject to reopening on a written motion demonstrating that the case listed above and all appeals in that case have been resolved or concluded.  No claims or defenses are waived as a result of the stay.  Because this case is stayed, from this point forward, the only motion that the Court will entertain is a motion to reopen that demonstrates that the State court probation violation proceedings in Case No. CR-24-691775-A and all appeals have been resolved.

**SO ORDERED.**

7

Dated:  March 16, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio